**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 19, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEONTAYE LONNITT FREDERICK,

    Defendant - Appellant.

No. 23-6104
(D.C. No. 5:22-CR-00110-SLP-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Deontaye Lonnitt Frederick pleaded guilty to possessing a firearm as a felon

and received a 96-month sentence. He has filed this appeal even though his plea

agreement contained an appeal waiver.

The government moves to enforce the appeal waiver. *See United States v.*

*Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Mr. Frederick's

attorney has responded, opining that it would be frivolous to oppose the

government's motion. *See Anders v. California*, 386 U.S. 738, 744 (1967). We

invited Mr. Frederick to respond himself, but he has not done so. Our duty in these

---

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

circumstances is to examine the record and decide whether opposing the government's motion would indeed be frivolous. *See id.* We think it would.

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325.

***Scope of the waiver.*** Mr. Frederick waived the right to appeal his conviction and sentence with one exception: He retained the right to challenge the substantive reasonableness of his sentence if it exceeded the advisory guidelines range. This exception does not apply, however, because his sentence fell within the guidelines range. And so his waiver covers this appeal.

***Knowing and voluntary waiver.*** To determine if a waiver was knowing and voluntary, we typically focus on two factors—whether the plea agreement says the defendant entered into it knowingly and voluntarily, and whether the district court conducted an adequate plea colloquy. *See id.*

These factors show that Mr. Frederick knowingly and voluntarily waived his right to appeal. The plea agreement describes the waiver clearly and says expressly that Mr. Frederick's waiver was knowing and voluntary. And during the plea colloquy, Mr. Frederick confirmed that he understood the plea agreement contained an appeal waiver, that he had discussed the waiver with his attorney, and that he understood the rights he was waiving. In short, the record leaves no room for him to argue his waiver was unknowing or involuntary.

2

***Miscarriage of justice.***  Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful, seriously affecting the fairness, integrity, or public reputation of the proceedings.  *See id.* at 1327.  Nothing in the record suggests that enforcing Mr. Frederick's waiver will result in a miscarriage of justice.

*    *    *

We grant defense counsel's motion to withdraw.  We grant the government's motion to enforce the appeal waiver.  We dismiss this appeal.

Entered for the Court

Per Curiam